**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EUGENE CIRAOLO, | Civil No. 12-1980 (RMB) |
| Plaintiff, | |
| v. | **OPINION** |
| BUREAU OF PRISONS, | |
| Defendants. | |

**APPEARANCES:**

> EUGENE CIRAOLO, #14004-067
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, NJ 08640

**BUMB**, District Judge:

Eugene Ciraolo, a federal inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition in the United States District Court for the Middle District of Pennsylvania seeking a "Writ of Mandamus ordering the Bureau of Prisons ("BOP") to calculate Ciraolo's sentence as ordered by the Honorable Judge Vanaskie on April 24, 2008." (Dkt. 1 at 1.) On March 29, 2012, Chief Judge Yvette Kane construed the pleading as a petition under 28 U.S.C. § 2241 and transferred the case to this Court because Petitioner was confined within this District when he filed the Petition. This Court will summarily dismiss the Petition.

## I.  BACKGROUND

In the Petition, Ciraolo asserts:  "On April 24, 2008, the Honorable Judge Vanaskie sentenced Ciraolo to a term of imprisonment of seventy (70) months and informed Ciraolo that he was entitled to receive credit for 'time served.'"  (Dkt. 1 at 2.)  Ciraolo seeks an order directing the BOP to grant him credit against his sentence for "the two hundred and sixty (260) days spent in custody prior to the sentencing hearing held on April 24, 2008."  Id.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two  requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the BOP at the time he filed his Petition, and he asserts that the duration

2

of his detention violates federal law.  See Spencer v. Kemna, 523
U.S. 1, 7 (1998).

B.  Standard of Review

       Habeas Rule 4 requires a district court to examine a habeas
petition prior to ordering an answer and to dismiss the petition
if the petitioner is not entitled to relief.  See 28 U.S.C. §
2254 Rule 4, applicable through Rule 1(b).  Habeas Rule 4
provides in relevant part:

           The clerk must promptly forward the petition
           to a judge . . . and the judge must promptly
           examine it.  If it plainly appears from the
           petition and any attached exhibits that the
           petitioner is not entitled to relief in the
           district court, the judge must dismiss the
           petition and direct the clerk to notify the
           petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

       "Federal courts are authorized to dismiss summarily any
habeas petition that appears legally insufficient on its face."
McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).
Dismissal without the filing of an answer or the State court
record is warranted "if it appears on the face of the petition
that petitioner is not entitled to relief."  Siers v. Ryan, 773
F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);
see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United
States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas

petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Issue Preclusion

The claim raised in this Petition is subsumed by the claims Ciraolo unsuccessfully raised before this Court in <u>Ciraolo v. Bureau of Prisons</u>, Civ. No. 10-1282 (RMB) (docketed Mar. 11, 2010).  In that case, Ciraolo filed a § 2241 petition seeking credit from July 11, 2007 (date of Pa. arrest) through February 1, 2009.  After this Court ordered an answer, the BOP recalculated Ciraolo's sentence and credited him for the 284 days (April 24, 2008, through February 1, 2009) that was not credited against Ciraolo's 288-day Pennsylvania sentence.  In an Opinion filed November 15, 2011, this Court held that the BOP did not err in denying Ciraolo credit for the 288 days from July 11, 2007 (date of Pa. arrest), through April 23, 2008 (day before imposition of federal sentence).  <u>Id.</u> at Dkt. 13.

Claim preclusion "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." <u>Duhaney v. Att'y Gen. of U.S.</u>, 621 F.3d 340, 347 (3d Cir. 2010).  Claim preclusion is properly applied where there has been:  "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." <u>Sheridan v. NGK Metals Corp.</u>, 609 F.3d 239, 260 (3d Cir. 2010).

4

Here, the "same cause of action" and "final judgment on the merits" components are satisfied, as Ciraolo unsuccessfully raised his current claim in a previous action, which this Court dismissed on the merits.  The "same parties or their privies" element is also satisfied here.  This Court will accordingly dismiss the Petition in this action under the doctrine of claim preclusion.[1]

### IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Petition.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: May 29, 2012

_____

[1] Alternatively, this Court will dismiss the Petition on the merits because the record in Civil No. 10-1282 establishes that Judge Vanaskie did not intend to give Ciraolo credit for time served in state custody that was credited against his state sentence.  On April 24, 2008, Judge Vanaskie imposed a 70-month federal sentence.  See Ciraolo, Civ. No. 10-1282 at Dkt. 6-2, pp. 30-31.  In response to Ciraolo's administrative remedy request, the BOP sent correspondence to Judge Vanaskie asking his position on Ciraolo's receiving credit for time served in state custody, and Judge Vanaskie responded:  "Please be advised that I do not recommend that Eugene Ciraolo receive credit toward his federal sentence for the time spent in state custody.  Accordingly, I am not recommending a retroactive concurrent sentence designation in his case."  Id. at Dkt. 6-2, p. 43.